JL

WO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carnell Antoin Cunningham, | No.   CV-23-02039-PHX-JAT (ASB) |
| Plaintiff, | |
| v. | **ORDER** |
| NaphCare, et al., | |
| Defendants. | |

Plaintiff Carnell Antoin Cunningham, who is confined in the Arizona State Prison Complex-Eyman (ASPC-Eyman), has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 4), and a Motion to Appoint Counsel (Doc. 6).  The Court will grant the Application to Proceed, deny without prejudice the Motion to Appoint Counsel, order Defendants Vargas and Neal to answer the Complaint, and dismiss Defendant NaphCare without prejudice.

**I.      Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $10.94.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

**TERMPSREF**

### III.   Complaint

In his three-count Complaint, Plaintiff seeks monetary relief from NaphCare and medical care providers Vargas and Neal.  Plaintiff asserts claims regarding his mental health care.

In Count One, Plaintiff alleges the following:  Defendants NaphCare, Vargas, and Neal never prescribed Plaintiff any medication for his schizophrenia-bipolar disorder and post-traumatic stress disorder (PTSD), anxiety, and depression, although Plaintiff explained to Vargas and Neal what Plaintiff "suffer[s] with and from."  From March 27 through July 12, 2023, Plaintiff received no medication to treat these conditions.  On April 6, 2023, Plaintiff saw Defendant Vargas at his cell door, and Plaintiff "had to disclose to him everything [he] was suffering from in front of the whole unit with no privacy."  Plaintiff described the "tactile hallucinations" he has, in which he sometimes sees and feels things crawling on or around him and biting him.  Defendant Vargas prescribed Wellbutrin and Buspar, but these medications are for anxiety and depression.  The medications did not help Plaintiff's hallucinations, PTSD, or schizophrenia-bipolar disorder.  Plaintiff gave Defendants Vargas and Neal his mental health evaluation records, but neither Defendant prescribed him the medications he needed.

In Count Two, Plaintiff alleges that when Defendant Vargas followed up with Plaintiff, Plaintiff complained that he never received any medication for his psychoses.  On July 12, 2023, another provider prescribed Plaintiff Abilify to help with his hallucinations.

In Count Three, Plaintiff alleges that in late May or early June 2023, he was transferred from ASPC-Eyman's Special Management Unit 1 to ASPC-Eyman's Rynning Unit.  Plaintiff's Wellbutrin and Buspar prescriptions followed him to the Rynning Unit, but at some point, Defendant Neal took Plaintiff off those medications "for no apparent reason," and without warning or being weaned off them.  Plaintiff submitted a health needs request (HNR) to see Defendant Neal, who apparently told Plaintiff that Wellbutrin and Buspar were no longer available at the Rynning Unit, although, according to Plaintiff, other prisoners still receive those medications.  Defendant Neal prescribed Effexor and Vistaril.

1  Plaintiff explained his "whole mental health history" to Defendant Neal and asked her for

2  "something for [his] schizophrenia," but she never prescribed anything.  Plaintiff told

3  Defendant Neal that his attorney would send paperwork showing Plaintiff's diagnosed

4  mental health problems.  Defendant Neal told Plaintiff the Effexor and Vistaril would help

5  with his PTSD, anxiety, and depression, but she "gave [Plaintiff] no kind of psychosis

6  medication for [his] bipolar/schizophrenia mental illness."  The Effexor and Vistaril made

7  Plaintiff unable to sleep and caused daily diarrhea, migraine headaches, suicidal thoughts,

8  and daily panic attacks.  On August 9, 2023, another provider prescribed "something for

9  anxiety."

10  As his injury, Plaintiff alleges that being without any medications to treat his

11  psychoses for nearly four months caused him to hallucinate almost daily.  Plaintiff asserts

12  he was seeing things, hearing loud voices, and feeling things crawl on and around and

13  biting him.  Plaintiff claims he wanted to kill himself and "ended up in suicide watch."

14  **IV.    Failure to State a Claim**

15  To state a claim under § 1983 against a private entity performing a traditional public

16  function, such as providing medical care to prisoners, a plaintiff must allege facts to support

17  that his constitutional rights were violated as a result of a policy, decision, or custom

18  promulgated or endorsed by the private entity.  *See Tsao v. Desert Palace, Inc*., 698 F.3d

19  1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per

20  curiam).  A plaintiff must allege the specific policy or custom and how it violated his

21  constitutional rights.  A private entity is not liable merely because it employs persons who

22  allegedly violated a plaintiff's constitutional rights.  *See Tsao*, 698 F.3d at 1139; *Buckner*,

23  116 F.3d at 452.

24  Plaintiff does not allege that any of the conduct described in the Complaint was the

25  result of a specific policy or custom of Defendant NaphCare.  Thus, the Court will dismiss

26  without prejudice Defendant NaphCare.

27  **V.    Claims for Which an Answer Will be Required**

28  Liberally construed, Plaintiff has stated Eighth Amendment medical care claims

TERMPSREF

- 4 -

1    against Defendants Vargas and Neal.  The Court will require Defendants Vargas and Neal

2    to answer the Complaint.

3    **VI.    Motion to Appoint Counsel**

4              There is no constitutional right to the appointment of counsel in a civil case.  *See*

5    *Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings in forma pauperis,

6    the court may request an attorney to represent any person unable to afford one.  28 U.S.C.

7    § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when

8    "exceptional circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.

9    1991).  A determination with respect to exceptional circumstances requires an evaluation

10   of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his

11   claims pro se in light of the complexity of the legal issue involved.  *Id.*  "Neither of these

12   factors is dispositive and both must be viewed together before reaching a decision."  *Id.*

13   (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

14             Having considered both elements, it does not appear at this time that exceptional

15   circumstances are present that would require the appointment of counsel in this case.

16   Plaintiff is in no different position than many pro se prisoner litigants.  Thus, the Court will

17   deny without prejudice Plaintiff's Motion to Appoint Counsel.

18   **VII.   Warnings**

19            **A.      Release**

20             If Plaintiff is released while this case remains pending, and the filing fee has not

21   been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court

22   that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

23   (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may

24   result in dismissal of this action.

25            **B.      Address Changes**

26             Plaintiff must file and serve a notice of a change of address in accordance with Rule

27   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

28   relief with a notice of change of address.  Failure to comply may result in dismissal of this

**TERMPSREF**

1 action.

2    **C.    Copies**

3    Because Plaintiff is currently confined in an Arizona Department of Corrections,

4 Rehabilitation & Reentry unit subject to General Order 14-17, Plaintiff is not required to

5 serve Defendants with a copy of every document he files or to submit an additional copy

6 of every filing for use by the Court, as would ordinarily be required by Federal Rule of

7 Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  Plaintiff may comply with

8 Federal Rule of Civil Procedure 5(d) by including, with every document he files, a

9 certificate of service stating that this case is subject to General Order 14-17 and indicating

10 the date the document was delivered to prison officials for filing with the Court.

11    **If** Plaintiff is transferred to a unit other than one subject to General Order 14-17, he

12 will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a

13 copy of every document that he files, and include a certificate stating that a copy of the

14 filing was served; and (b) submit an additional copy of every filing for use by the Court.

15 *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing

16 being stricken without further notice to Plaintiff.

17    **D.    Possible Dismissal**

18    If Plaintiff fails to timely comply with every provision of this Order, including these

19 warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*,

20 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure

21 to comply with any order of the Court).

22 **IT IS ORDERED:**

23    (1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 4) is **granted**.

24    (2)    As required by the accompanying Order to the appropriate government

25 agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee

26 of $10.94.

27    (3)    Plaintiff's Motion to Appoint Counsel (Doc. 6) is **denied without prejudice**.

28    (4)    Defendant NaphCare is **dismissed** without prejudice.

(5)     If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(6)     Defendants Vargas and Neal must answer the Complaint.

(7)     The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Vargas and Neal.

(8)     Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(10)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(11)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(12)     A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within**

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections, Rehabilitation & Reentry unless the officer or employee works there.

1   **30 days of the date of the notice and request for waiver of service** pursuant to Federal

2   Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

3         (13)   The Marshal must immediately file signed waivers of service of the

4   summons.  If a waiver of service of summons is returned as undeliverable or is not returned

5   by a Defendant within 30 days from the date the request for waiver was sent by the Marshal,

6   the Marshal must:

7         (a)   personally serve copies of the Summons, Complaint, and this Order

8   upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

9   and

10         (b)   within 10 days after personal service is effected, file the return of

11   service for Defendant, along with evidence of the attempt to secure a waiver of

12   service of the summons and of the costs subsequently incurred in effecting service

13   upon Defendant.  The costs of service must be enumerated on the return of service

14   form (USM-285) and must include the costs incurred by the Marshal for

15   photocopying additional copies of the Summons, Complaint, or this Order and for

16   preparing new process receipt and return forms (USM-285), if required.  Costs of

17   service will be taxed against the personally served Defendant pursuant to Rule

18   4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the

19   Court.

20         (14)   Defendants Vargas and Neal must answer the Complaint or otherwise

21   respond by appropriate motion within the time provided by the applicable provisions of

22   Rule 12(a) of the Federal Rules of Civil Procedure.

23         (15)   Any answer or response must state the specific Defendant by name on whose

24   behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

25   does not identify the specific Defendant by name on whose behalf it is filed.

26   . . . .

27   . . . .

28   . . . .

TERMPSREF

1

       (16)   This matter is referred to Magistrate Judge Alison S. Bachus pursuant to

2

Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

3

authorized under 28 U.S.C. § 636(b)(1).

4

       Dated this 9th day of November, 2023.

5

6

7

 

                           James A. Teilborg
                  Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28